# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed September 26, 1894.

## BARBARA YOUNG
### VS.
### THE COLLEGE OF PHYSICIANS AND SURGEONS, DR. N. S. KIERLE AND DR. EDWIN GEER.

*R. B. Tippett* and *A. H. Mettee* for the plaintiff.

*Edgar H. Gans, Wm. S. Bryan, Jr.,* and *Edwin G Baetjer* for the defendants.

PHELPS, J.—

Oral opinion of Phelps, J., in passing upon the prayers:—Gentlemen of the jury, you are entitled to the thanks of the Court for the patient attention you have given for several days to the painful details of the case on trial; and the thanks of the Court are also due to the learned counsel upon either side for the aid they have afforded in the elucidation of the important and interesting questions, some of them quite novel, which the case has presented.

I have availed myself of the interval since the adjournment of the Court. to examine the numerous propositions of

law that have been submitted on either side, and to make such investigation as I have been able, of the authorities referred to. The result at which I have arrived is, the three prayers offered upon the part of the plaintiff are, in my judgment founded upon the erroneous theory that the coroner has no judicial powers unless he is acting in connection with an inquest. The coroner is a common law officer. While his duties, to some extent have been regulated by statutes those statutes deal only with inquests. There has been nothing done, that I have been able to find, and nothing referred to in the course of argument, either in the Public General or Local laws, touching the duties of the coroner in connection with *post-mortem* examinations, and with respect to those functions we have to refer to the common law. While it may be said, on this particular branch of the subject, there is not that amount of judicial decisions that would be entirely satisfactory, I think that sufficient may be found to warrant the conclusion that, in the important functions of deciding in the first instance, whether or not an inquest is necessary, in a given case, the coroner must of necessity act judicially. He is a sworn officer of the State, and is responsible criminally and civilly for culpable and wilful malfeasance in office. It may be said that the powers thus confided to the coroner are liable to abuse. The same objection may be made in a great many instances where powers have to be invested in somebody. If the coroner should wilfully, maliciously or corruptly order a *post-mortem* examination he could be proceeded against civilly as well as criminally; but not for mistakes of law or errors of judgment while acting in good faith. I will therefore, have to reject the prayers offered on behalf of the plaintiff.

The second prayer offered on behalf of the defendant is in reference to the defendant corporation, the College of Physicians and Surgeons, and is based upon the ground that there has been no evidence offered legally sufficient to show that what was done in this case, namely, the holding of the *post-mortem* examination upon the body of the deceased, was done by anybody duly authorized as agents of that corporation for that purpose, or that the act was afterwards in any way ratified by said corporation. In the absence of any such evidence, I think that prayer should be granted, and I, accordingly, so mark it. It is as follows:

"There is no evidence in this case legally sufficient to show that the College of Physicians and Surgeons did any of the alleged wrongful acts mentioned in the declaration, or ratified the same, and therefore their verdict must be for the defendant, the College of Physicians and Surgeons."

That brings to our consideration the two remaining defendants, the coroner, Dr. Edward Geer, and the medical examiner, Dr. Nathaniel G. Kierle, What I have just said with regard to the coroner applies to the fifth prayer of the defendants. Fraud is never to be presumed. Bad faith is never to be presumed. There is the ordinary presumption of innocence which attaches to everybody, and to which everybody is entitled until the contrary is shown. In addition to that, there is the presumption of good faith on the part of a sworn officer of the State acting in the discharge of his duty. In order to overcome these presumptions, positive proof, or proof of a circumstantial nature which is sufficient in a legal aspect, must be adduced in order to enable the jury to consider the question of bad faith. I haven't been able to see, gentlemen, in this case any circumstances pregnant with fraud, or any presumption or inference of fraud that could enable that matter to be called in question, or submitted to the jury as a matter of doubt. It is not necessary to find whether or not the coroner acted in mistake of law.

As I just remarked, if he made an error in judgment this is not the place to correct it, or in this proceeding. It can only be on strong proof, proof sufficient to satisfy the mind of the jury, and not conjecture, not surmise, or mere suspicion, such as we have here, as to the connection between the coroner and the College of Physicians and Surgeons in some way, or the connection of the examining physician in some way with that institution, that will justify the jury in finding that the coroner in ordering the *post-mortem* in this case, was actuated by anything else than a disposition to discharge his duty in good faith. The

468

prayer, therefore, which is the fifth prayer of the defendants must be granted. It is in these words:

"There is no evidence legally sufficient to show that the defendant Geer participated in any way in the commission of the alleged wrongful acts mentioned in the declaration."

That leaves only one defendant whose case is to be considered, and that is the Medical Examiner, Dr. Kierle. So far as he acted under the direction of the Coroner, his action is justified, and is not a subject of inquiry here—that is to say, if he performed the *post-mortem* in a proper, ordinarily decent and skillful manner. If he transcended that line, if in performing this autopsy he went out of his line of duty, and horrified the feelings of those connected with the deceased, by treating the subject indecently or improperly, that is quite another matter. If he did that, I apprehend, upon ordinary principles, he makes himself a trespasser, *ab initio*, and is liable, not only for such damages as are incurred from the acts named, but, in addition, exemplary damages. Upon that point there is testimony upon both sides. As that testimony will be adverted to at large by counsel in their arguments before you, it is not necessary for me to otherwise refer to it. I do not deem it my duty, or my right, to exclude the consideration of that testimony from the jury; and, in that view, I will grant the sixth prayer of the defendants, which leaves the question open for your consideration. The prayer is as follows:

"If the jury believe that the defendant, Kierle, performed the *post-mortem* upon the body of George W. Young, deceased, at the order of Coroner Geer, as the City Examining Physician, and that on performing said *post-mortem* he treated the body with ordinary decency, and did not wantonly disfigure the same, he acted within the scope of his official duty and the verdict must be for the defendant, Kierle."

Those, gentlemen, are the three instructions which are granted for your guidance, and they will be more fully amplified by counsel in their arguments. The other prayers, upon both sides, are rejected.

It will be understood that exceptions are reserved upon both sides, both as to what has been done and what has not been done.